IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MOORE, | No. C-04-1749 MMC |
| Plaintiff, | **ORDER DENYING REQUESTS FOR MARSDEN HEARING AND FOR RELIEF FROM APPOINTMENT; STRIKING REQUEST FOR CONTINUANCE** |
| v. | |
| OFFICER S. ZEPPA, et al., | |
| Defendants / | |

On February 17, 2010, plaintiff Gary B. Moore filed two documents with the Court, one titled "Declaration" and the other titled "Declaration of Plaintiff in Support of 'Marsden Hearing,'"[1] both such documents having been filed directly by plaintiff himself rather than by his counsel, Gibson, Dunn & Crutcher LLP. On February 18, 2010, counsel for plaintiff filed a "Statement," in which counsel, construing the above-referenced declarations as a request for substitution of counsel, seek an order relieving them from their appointment as plaintiff's counsel. Thereafter, on February 23, 2010, defendants, construing plaintiff's February 17, 2010 filings as including a request to continue the March 22, 2010 trial date, filed "Opposition to Any Trial Continuance."

---

[1] People v Marsden, 2 Cal. 3d 118 (1970) is a criminal case, inapplicable herein, in which the California Supreme Court held that a criminal defendant, in support of his motion to substitute new counsel, is entitled to an opportunity to state specific examples of ineffective assistance. See id. at 123-24.

Having read and considered the above-referenced documents, the Court rules as follows:

1. Good cause has not been shown for an order relieving plaintiff's current counsel from further representation of plaintiff and/or for substitution of new counsel. Accordingly, to the extent an order to that effect is sought by the above-referenced filings, such request is hereby DENIED.[2]

2. Because plaintiff continues to be represented by counsel, the Court will not consider any request for a continuance of the trial date where such request is made directly by plaintiff himself, and, accordingly, plaintiff's February 17, 2010 request is hereby STRICKEN. In any event, plaintiff's observation that a dental appointment potentially could interfere with the present trial date does not constitute good cause for a continuance.

**IT IS SO ORDERED.**

Dated: February 24, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] On February 24, 2010, counsel for plaintiff filed a Motion to Withdraw As Counsel Of Record For Gary B. Moore, which motion, by order filed concurrently herewith, has been set for hearing on March 5, 2010. The Court, by the instant order, has not ruled on said Motion.

2