**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. MOORE, | No. C-04-1749 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT; DENYING PLAINTIFF'S MOTION FOR NEW TRIAL** |
| v. | |
| OFFICER S. ZEPPA, et al., | |
| Defendants / | |

Before the Court is plaintiff Gary Moore's "Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure Rule 59(e)," filed April 21, 2010. Also before the Court are six documents titled, in each instance, "Motion for a New Trial," and filed by plaintiff on, respectively, April 9, 2010 (Document No. 184), April 12, 2010 (Document Nos. 186, 187), and April 13, 2010 (Document Nos. 188, 190, 191), which documents the Court, by order filed April 22, 2010, construed as a single motion for a new trial, pursuant to Rule 59 of the Federal Rules of Civil Procedure. On May 21, 2010, defendants filed a single opposition addressing both motions; on June 11, 2010, plaintiff filed a single reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.

In the operative complaint, filed January 19, 2005, plaintiff alleged that defendants,

in violation of plaintiff's Fourth Amendment rights, used excessive force and/or failed to intervene during another's use of excessive force in connection with plaintiff's arrest on October 16, 2002, both at the scene of the arrest and at a hospital to which plaintiff was later taken that same date.

A jury trial on plaintiff's claims began on March 23, 2010, and, on April 6, 2010, the jury reached a verdict, finding plaintiff had failed to prove any of his claims by a preponderance of the evidence. Specifically, the jury found as follows: (1) plaintiff failed to establish, by a preponderance of the evidence, that any defendant used excessive force on him while he was in handcuffs at the scene of the arrest; (2) plaintiff failed to establish, by a preponderance of the evidence, that any defendant used excessive force on him at the hospital while a medical practitioner took plaintiff's temperature rectally; and (3) plaintiff failed to establish, by a preponderance of the evidence, that any defendant used excessive force on him at the hospital by inserting a flashlight into his rectum. (See Verdict Form, filed April 6, 2010.)

On April 6, 2010, in light of the jury's verdict, the Clerk of the Court entered judgment in favor of defendants.

**A. Motion to Alter or Amend the Judgment**

Plaintiff argues the Court should "alter or amend" the judgment for the asserted reason that plaintiff had "proven" defendants engaged in excessive force. (See Pl.'s Mot. to Alter or Amend, at 1.) The Court construes plaintiff's argument to be that he is entitled to judgment notwithstanding the jury's verdict.

"A district court may set aside a jury verdict and grant judgment as a matter of law only if, under the governing law, there can be but one reasonable conclusion as to the verdict." Settlegoode v. Portland Public Schools, 371 F.3d 503, 510 (9th Cir. 2004) (internal quotation and citation omitted). "When evaluating such a motion, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Id. (internal quotation and citation omitted).

Here, plaintiff does not contend that no evidence was submitted that would have supported a finding that plaintiff was not subjected to excessive force by any of the defendants. Rather, plaintiff, in effect, argues that his evidence was stronger than that offered by defendants. As noted, the jury concluded plaintiff's evidence was insufficient to establish, by a preponderance of the evidence, that any defendant engaged in excessive force. The Court cannot reweigh the evidence presented to the jury.

Accordingly, the Court finds plaintiff has failed to show he is entitled to judgment in his favor, and his motion to amend or alter the judgment will be denied.

**B. Motion for a New Trial**

"The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Shimko v. Guenther, 505 F.3d 987, 993 (9th Cir. 2005) (internal quotation and citation omitted).

Plaintiff's motion for a new trial, which, as noted, consists of six separate filings, raises a number of issues. The Court considers whether plaintiff, by such filings, has shown the verdict is contrary to the clear weight of the evidence and/or is based upon false or perjurious evidence, or that a miscarriage of justice will occur if a new trial does not occur.

**1. Clear Weight of the Evidence**

In his moving papers, plaintiff does not expressly argue the verdict, or any part of it, is contrary to the clear weight of the evidence. In his reply, however, plaintiff asserts that he seeks a new trial for such reason. The Court finds plaintiff's argument, whether express or implied, unpersuasive. Significant evidence was offered to support the jury's findings. In particular, officers and witnesses at the scene of the arrest and at the hospital testified in a manner wholly consistent with the jury's findings.

Accordingly, to the extent the motion is based on a claim the verdict was contrary to the clear weight of the evidence, plaintiff has failed to show he is entitled to a new trial.

//

### 2. False or Perjurious Evidence

In his moving papers, plaintiff argues that two witnesses, specifically, Jose Equizabal and Luiz Equizabal, committed perjury.[1] Plaintiff offers no evidence, however, to support a finding that either of those witnesses committed perjury; rather, plaintiff relies solely on his conclusory assertions. To the extent plaintiff may be relying on his argument, made to the jury, that said witnesses had given prior statements that, in plaintiff's view, were inconsistent with testimony given at trial, plaintiff brought such asserted inconsistencies to the attention of the jury, which was instructed to consider any inconsistencies in weighing witnesses' credibility. See, e.g., Wolde-Giorgis v. Christiansen, 438 F. Supp. 2d 1076, 1080 (D. Ariz. 2006) (rejecting plaintiff's argument that defendant's witnesses "lied under oath," where "[e]ach of the alleged incidents of lying which [p]laintiff cite[d] in his motion was played out before the jury and thus the verdict reflect[ed] the jury's consideration of the witnesses' testimony and credibility").[2]

Accordingly, to the extent the motion is based on a claim the verdict was based on false or perjurious evidence, plaintiff has failed to show he is entitled to a new trial.

### 3. Miscarriage of Justice

Plaintiff argues he is entitled to a new trial in light of several other circumstances, each of which is discussed below. Having considered each such circumstance, the Court, as discussed below, finds that none of them caused the jury to reach a verdict that can be characterized as a "miscarriage of justice." See Shimko, 505 F.3d at 993.

First, plaintiff has failed to show a "miscarriage of justice" resulted when the Court granted his appointed counsel's motion to withdraw, as the record, consistent with the

---

[1] The subject witnesses were residents of the home plaintiff burglarized on the night of October 16, 2002, and testified as to their attempts to physically restrain plaintiff until such time as the police arrived at the scene. Defendants relied on the testimony of the Equizabal family to provide an explanation for injuries plaintiff sustained on that date.

[2] In his reply, plaintiff argues, for the first time, that testimony given by other witnesses was false. In addition to being untimely, such additional argument is unpersuasive, as it based on the theory that the jury should not have found those witnesses credible. See id.

Court's finding, demonstrates that plaintiff had engaged in conduct that "render[ed] it unreasonably difficult for [counsel] to carry out the employment effectively." See Cal. Rule of Professional Conduct 3-700(C)(1)(d); (see, e.g., Docket Nos. 132, 133, 138, 149). Further, to the extent plaintiff may be contending the Court should have continued the trial after granting such motion, plaintiff has failed to show he was entitled to a continuance under the circumstances, and, in any event, plaintiff has failed to show that, as a result of the lack of a continuance, he was unable to offer any evidence or call any witness at trial[3] or otherwise would have proceeded differently in prosecuting the matter.

        Second, plaintiff is not entitled to a new trial based on his contention that the only African-American questioned on voir dire gave, in plaintiff's view, unacceptable answers to the Court's questions.[4] Not only does plaintiff's argument fail to implicate any recognized statutory or constitutional right, cf. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 630 (1991) (prohibiting civil litigant from using peremptory challenge to remove juror on basis of race), any challenge to the composition of the jury is untimely, as plaintiff did not raise a challenge during the jury selection process. See, e.g., Dias v. Sky Chefs, Inc., 948 F.2d 532, 534-35 (9th Cir. 1991) (finding challenge to jury selection process untimely where challenge not raised until after jury had been sworn).

        Third, plaintiff's argument that the jury should have been individually polled to determine whether they could fairly judge a case in which one party does not have counsel is unavailing. Contrary to plaintiff's assertion, no juror advised the Court that "plaintiff needed an attorney." (See Pl.'s Mot., filed April 9, 2010, at 4.) Rather, after the Clerk advised the Court that one or more jurors had inquired about plaintiff's pro se status, the

---

[3] In his reply, plaintiff, for the first time, asserts that "qualified counsel" would have offered the testimony of "Joan Kubota, Investigative and Appeals Officer." (See Pl.'s Reply at 6.) Plaintiff fails to explain, however, why he didn't subpoena such witness. Further, plaintiff fails to set forth what admissible testimony such witness would have given, had she been called, let alone explain how the lack of any such testimony resulted in a miscarriage of justice.

[4] According to plaintiff, he perceived the subject juror as "borderline retarded from the way he spoke and was some kind of police himself." (See Pl.'s Mot., filed April 9, 2010, at 3.)

5

1 Court instructed the jury that they were not to consider plaintiff's pro se status in deciding
2 the case, and the jury is presumed to have followed such instruction. See Weeks v
3 Angelone, 528 U.S. 225, 234 (2000) (holding "jury is presumed to follow its instructions"
4 and "is presumed to understand a judge's answer to its question").

Fourth, plaintiff has failed to show the use of leg shackles during the trial resulted in a miscarriage of justice. In particular, plaintiff has not shown the jurors were aware of the shackles, as the jury was brought into the courtroom after all parties were seated at their respective tables and after plaintiff was in the witness box. Even assuming, however, the jurors, or any of them, may have noticed the shackles, plaintiff has failed to show how he was prejudiced thereby, as the jurors were aware from the evidence presented that plaintiff was in state prison at the time of trial. Indeed, even in the context of a criminal case, "[t]he fact that some of the jurors may have seen [the defendant] in handcuffs [is] not so inherently prejudicial as to require a mistrial without more."[5] See United States v. Figueroa-Espinoza, 454 F.2d 590, 591 (9th Cir. 1972).

Fifth, contrary to plaintiff's argument, the Court did not err in allowing defendants to impeach plaintiff with his prior conviction for attempted grand theft; plaintiff's having pleaded no contest to such charge is not a bar to admissibility. See Brewer v. City of Napa, 210 F.3d 1093, 1095-96 (9th Cir. 2000) (holding "evidence of a conviction based on a no contest plea can be admitted for impeachment purposes"). Further, contrary to plaintiff's assertion, defendants did not impeach plaintiff with a "false personation conviction." (See Pl.'s Mot., filed April 12, 2010, Document No. 186 at 1.) The second, and only other, conviction used by defendants for impeachment purposes was plaintiff's conviction for first degree burglary arising from the arrest at issue herein, which conviction was obtained by a jury verdict. (See Blechman Decl., filed March 18, 2010, Ex. B.)

Sixth, plaintiff fails to show that a miscarriage of justice occurred when the jury was

---

[5] In the instant case, plaintiff was not in handcuffs and was attired in a suit or other clothing of his choice, and the Court, at the request of the state correctional officers, approved the use of leg shackles for purposes of security.

6

1  shown a videotape recording of plaintiff's interview in police custody on October 16, 2002.
2  Plaintiff's statements concerning his presence at the Equizabal residence were relevant
3  impeachment evidence, and plaintiff, during his cross-examination, had the opportunity to
4  explain any apparent inconsistency between his trial testimony and those statements.
5  Additionally, the tape was relevant to show plaintiff's demeanor and apparent absence of
6  distress or discomfort following the claimed assault with a flashlight.

7  Seventh, contrary to plaintiff's assertion, the jury was never given an instruction that
8  "basically" told them "not to find any police officer did anything wrong, and if they wanted to
9  get out of there as soon as possible, please go to the last page sign & date." (See Pl.'s
10 Mot., filed April 12, 2010, Document No. 187, at 1.)

11 Eighth, plaintiff was not deprived of a fair trial when defendants' counsel, during
12 closing argument, stated, in plaintiff's words, that plaintiff "came from prison to play lawyer"
13 and "has had a 3-week vacation." (See id. at 2.) Even assuming the impropriety of any
14 such comments, plaintiff has failed to show the jury's verdict was likely influenced thereby.
15 See Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1192 (9th Cir. 2002) (holding, where
16 opposing counsel engages in "misconduct," new trial warranted only where "flavor of
17 misconduct sufficiently permeates an entire proceeding to provide conviction that the jury
18 was influenced by passion and prejudice in reaching its verdict") (internal quotation, citation
19 and alteration omitted). As noted, the jury was aware plaintiff was an inmate and was not
20 an attorney, and any such comment did no more than restate those circumstances, albeit in
21 an argumentative manner.

22 Finally, plaintiff is incorrect in contending the order issued August 18, 2006 by the
23 district judge previously assigned to the instant action, which order granted in part and
24 denied in part defendants' motion for summary judgment, was not treated as the "law of the
25 case." (See Pl.'s Mot, filed April 13, 2010, Document No. 191.) The August 18, 2006 order
26 identified the issues to be tried to the jury, and each of those issues was, in fact, tried to the
27 jury.
28 //

**CONCLUSION**

For the reasons stated above, plaintiff's motion to alter or amend the judgment is hereby DENIED, and plaintiff's motion for a new trial is hereby DENIED..

**IT IS SO ORDERED.**

Dated: July 29, 2010

MAXINE M. CHESNEY
United States District Judge